# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY DENISE WALKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AETNA HEALTH AND LIFE INSURANCE COMPANY., a corporation; AETNA, INC., corporation; AETNA HEALTH OF CALIFORNIA INC., a corporation; AETNA INSURANCE COMPANY OF AMERICA, a corporation; AETNA RESOURCES, LLC, a limited liability company; CVS MEDICAL GROUP, INC., a corporation; CVS PHARMACY, INC., a corporation; CVS SERVICES, INCORPORATED, a corporation; JESSICA DOE, an individual; ROSA DELLARIPA, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:21-cv-00156-AWI-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>(Doc. No. 12) |

Plaintiff Brittney Denise Walker filed this action in Fresno Superior Court on January 6, 2021 alleging a common law wrongful termination claim and various causes of action under California's Fair Employment and Housing Act ("FEHA") against six entities and two individuals (collectively, the "Defendants") in connection with medical leave from her position as a claims benefit specialist. See Doc. No. 1-1. Certain Defendants removed the action to this Court, Doc. No. 1, and Plaintiff brought a motion to remand. Doc. No. 12. For the reasons set forth below, Plaintiff's motion to remand will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The relevant allegations in the Complaint are as follows:

On September 1, 2017, Plaintiff was hired to work as a "Claims Benefit Specialist" for eight entities: Aetna Health and Life Insurance Company; Aetna, Inc.; Aetna Health of California, Inc.; Aetna Insurance Company of America ("AICA"); Aetna Resources, LLC; CVS Medical Group, Inc.; CVS Pharmacy, Inc.; and C.V.S. Services, Incorporated (together, the "Entity Defendants"). Doc. No. 1-1 at 10:23-11:2.[1] In 2019, Plaintiff took a medical leave of absence for reasons relating to pregnancy. Id. at 11:5-8. Someone by the name of "Brenda" was Plaintiff's supervisor before Plaintiff took leave. Id. at 11: 3-4.  Defendant Jessica Doe—who has since been identified as Jessika Dortch[2]—became Plaintiff's supervisor while Plaintiff was on leave. Id. at 11:9-11. Neither Dortch nor the Entity Defendants informed Plaintiff that her supervisor had changed or provided Plaintiff with new protocols for supplying her managers with information regarding her leave. Id. at 11:9-14. Indeed, Dortch did not "communicate with Plaintiff at all while she was on maternity leave." Id. at 11:15-18. Consequently, Plaintiff continued to provide updates regarding her leave "based on prior contacts and practices." Id. Plaintiff's physician extended Plaintiff's leave following the birth of her baby to allow for baby-bonding and to give Plaintiff time to recover from post-partum blues syndrome. Id. at 11:19-21. Plaintiff and her physician each provided the order extending her leave to the Entity Defendants. Id. at 11:22-25.

When Plaintiff was "released to go back to work" in June 2020, Defendant Rosa Dellaripa informed Plaintiff that Plaintiff was "not found in the system," and Plaintiff came to learn that "Aetna" and "CVS" had merged during her leave. Doc. No. 1-1 at 11:26-12:7. Plaintiff attempted to get additional information, but Dellaripa and the Entity Defendants "continued [a] campaign of harassment and oppression by ignoring and disregarding" her. Id. at 12:8-11. On July 21, 2020, Dellaripa informed Plaintiff that Plaintiff had been terminated on December 16, 2019. Id. at 12:12-13.

---

[1] Page citations to documents filed with the Court electronically are to the page numbers in the CM/ECF stamp at the top of each page.
[2] See Doc. No. 1 at 2 n.2.; Doc. No. 12 at 3:15-16.

Based on these allegations, Plaintiff alleges five claims under FEHA—including a claim under the California Family Rights Act ("CFRA") portion of FEHA—and a common law claim for wrongful termination in violation of FEHA public policy against the Entity Defendants, Doc. No. 1-1 at 14:19-29:13, as well as a harassment claim under FEHA against Dortch and Dellaripa (together, the "Individual Defendants").[3] Id. at 29:16-30:19.

A subset of the Entity Defendants comprising Aetna Health and Life Insurance Company, Aetna, Inc., Aetna Resources, LLC and CVS Pharmacy, Inc. (together, the "Removing Defendants") removed the action to this Court on February 5, 2021 under 28 U.S.C. §§ 1332, 1441 and 1446, Doc. No. 1, and Plaintiff now seeks remand. Doc. No. 12.

## **PLAINTIFF'S MOTION TO REMAND**

*Plaintiff's Arguments*

Plaintiff argues that it is improper at this stage in the proceedings for the Removing Defendants to use evidence to show that certain Entity Defendants were not her employer. Doc. No. 12 at 3:17-22. Further, Plaintiff argues that the Removing Defendants cannot show with the degree of certainty required for a finding of fraudulent joinder that she will be unable to prevail on her claims against non-diverse Defendants. Id. at 8:27-11:3. Finally, Plaintiff argues that the amount-in-controversy calculation should include only $39,768 in lost wages as of the date of removal to allow for the possibility Plaintiff will mitigate damages through new employment and that, consequently, the Removing Defendants cannot show an amount in controversy of more than

---

[3] The first six causes of actions are brought against each of the eight Entity Defendants. The First Cause of Action is brought under Section 12940, subd. (a), of the California Government Code ("Government Code") for "pregnancy discrimination." Doc. No. 1-1 at 15:11-16. The Second Cause of Action is based on Section 12926, subd. (k), of the Government Code for "disability discrimination." Id. at 17:21-22. The Third Cause of Action is brought for violation of the CFRA and implementing regulations, with specific reference to Sections 12945.1 and 12945.2 of the Government Code and Sections 7293.5 et seq. and 7297 et seq. of the California Code of Regulations. Id. at 20:8-11, 20:18-21. The Fourth Cause of Action is brought under Sections 12940, subd. (a), and 12940, subd. (m), of the Government Code for failure to accommodate disability. Id. at 24:2-8. The Fifth Cause of Action is brought under Section 12940, subd. (n), of the Government Code for failure to engage in a "timely, good faith, interactive process." Id. at 26:6-7. The Sixth Cause of Action is a common law wrongful termination claim. Id. at 28:12-15; see Prue v. Brady Co./San Diego, 242 Cal. App. 4th 1367, 1383 (2015) (discussing common law wrongful termination claims based on FEHA policy). The Seventh Cause of Action—which is brought solely against the Individual Defendants (Dortch and Dellaripa)—seeks recovery for harassment in violation of FEHA. See 29:14-19; Cal. Gov. Code § 12940, subd. (j)(1); Landucci v. State Farm Ins. Co., 65 F. Supp. 3d 694, 706 (N.D. Cal. 2014) (discussing the nature of harassment claims under FEHA).

3

1  $75,000 for diversity jurisdiction under 28 U.S.C. § 1332(a). Id. at 7:26-8:7.

*Removing Defendants' Opposition*

The Removing Defendants argue that using evidence to show fraudulent joinder is proper and that Plaintiff has failed to rebut competent evidence showing that Aetna Resources, LLC—a diverse Defendant—was Plaintiff's one and only employer in connection with the events at issue in this case. Doc. No. 13 at 16:9-18:3. Further, the Removing Defendants argue that Plaintiff's first six claims (which are brought against all eight Entity Defendants) can only be brought against Plaintiff's employer, and that Plaintiff cannot prevail on her seventh claim for harassment against the Individual Defendants because she alleges that she was at home (either terminated or on medical leave) when the harassment supposedly occurred. Id. at 18:4- 26:7. Finally, the Removing Defendants argue that affirmative defenses such as mitigation should not be considered when calculating the amount in controversy for diversity jurisdiction and that the amount in controversy in this case is well over the $75,000 jurisdictional minimum under 28 U.S.C. § 1332(a), factoring in lost wages, attorney fees and recovery Plaintiff is seeking for emotional distress and punitive damages. Id. at 26:8-30:23.

*Plaintiff's Reply*

Plaintiff asserts on reply that the Removing Defendants missed the March 25, 2021 opposition deadline based on the April 12, 2021 hearing date for this motion and that, as of April 6, 2021, the Removing Defendants had not filed or served an opposition at all. Doc. No. 17. The record shows, however, that the Removing Defendants filed and served an opposition on March 29, 2021, Doc. No. 13, and per Local Rule 230(c) for the United States District Court for the Eastern District of California, an opposition must be filed and served "not less than fourteen (14) days preceding the noticed (or continued) hearing date." E.D. Cal. L.R. 230(c). The March 29, 2021 filing was therefore timely based on an April 12, 2021 hearing date, see Doc. No. 19, and Plaintiff's reply has no bearing on the disposition of this motion.

## LEGAL FRAMEWORK

Federal courts are courts of limited jurisdiction that can hear only the types of cases that they are authorized by the Constitution and Congress to adjudicate. Kokkonen v. Guardian Life

4

1 | Ins. Co. of America, 511 U.S. 375, 377 (1994).

Under 28 U.S.C. § 1441,[4] "[a] defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action." Chavez v. JPMorgan Chase & Co, 888 F.3d 413, 415-16 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a) and Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016)). Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

The Removing Defendants removed this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Doc. No. 1. 28 U.S.C. § 1332(a)(1) gives federal courts original jurisdiction over civil actions between "citizens of different states," "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Morris") (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Moreover, 28 U.S.C. § 1441(b)(2) provides that, for removal based on diversity jurisdiction, no "properly joined" defendant may be a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2); see Homesales, Inc. v. Amora, 2012 WL 2061923, at *1 (N.D. Cal. June 5, 2012). The "fraudulent" inclusion of a non-diverse defendant, however, does not preclude removal based on diversity jurisdiction, thus creating an "exception to the requirement of complete diversity." Morris, 236 F.3d at 1067; see McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

It is presumed that an action lies outside the limited jurisdiction of the federal courts, and the removing party bears the burden of establishing that removal is proper. Hunter, 582 F.3d at 1042; Prize Frize Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999) ("The burden of

---

[4] 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."). A court "resolves all ambiguity in favor of remand," Hunter, 582 F.3d at 1042, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam).

## DISCUSSION

In deciding this motion, the Court will first examine the citizenship of the Defendants.[5] The Court will then address the Removing Defendants' arguments as to fraudulent joinder of non-diverse Defendants and determine whether the amount in controversy exceeds $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a).

**I.    Diversity**

    **A.    Citizenship of Defendants**

The Removing Defendants contend that they are not citizens of California. Doc. No. 13 at 15:4-5. Specifically, the notice of removal attaches a declaration showing that: (i) Aetna Resources, LLC is a single-member limited liability company formed under the Delaware law; (ii) Aetna Resources, LLC's sole member, Aetna Life Insurance Company, is a corporation formed under Connecticut law and having is principal place of business in Connecticut; (iii) Aetna, Inc. is a corporation formed under Pennsylvania law and having its principal place of business in Connecticut; and (iv) CVS Pharmacy, Inc. is a corporation formed under Rhode Island law and having its principal place of business in Rhode Island. Doc. No. 4 ¶¶ 6-9. Plaintiff sets forth no contrary allegations or evidence as to the citizenship of the foregoing entities. Further, Plaintiff does not take the position on this motion that any of the Removing Defendants are California

---

[5] Plaintiff's motion to remand focuses specifically on showing that Aetna Health of California Inc., CVS Medical Group, Inc., C.V.S. Services, Incorporated, Jessica Dortch and Rosa Dellaripa—which Plaintiff refers to collectively as the "Non-Diverse Defendants"—destroy complete diversity. See Doc. No. 12 at 3:13-16. The Court construes this as a tacit acknowledgment on Plaintiff's part that the other Defendants are diverse, but since this motion implicates the Court's subject matter jurisdiction, the Court will err on the side of caution and conduct a citizenship and/or fraudulent joinder analysis as to all named Defendants. See Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

.

6

citizens. See Doc. No. 12 at 3:13-16. The Court therefore finds that the Removing Defendants have met their burden to show that Aetna Resources, LLC, Aetna, Inc., and CVS Pharmacy, Inc. are not citizens of California for purposes of 28 U.S.C. § 1332(a)(1).[6] See 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State [] by which it has been incorporated and of the State [] where it has its principal place of business"); see also, Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (stating that, for purposes of diversity jurisdiction, an LLC is a citizen of every state in which its members are citizens).

In addition to setting forth evidence regarding the citizenship of certain entities, the Removing Defendants set forth evidence showing that Individual Defendant Rosa Dellaripa resides in Connecticut, and Plaintiff does nothing to contradict or discredit that evidence. Doc. No. 15. The Court therefore finds that the Removing Defendants have met their burden to show that Dellaripa is not a California citizen for diversity purposes. See Angelica Cuevas v. Lowes Home Centers, LLC, 2020 WL 6439174, at *3 (C.D. Cal. Aug. 5, 2020) (stating that an individual party is a citizen of the state in which she is domiciled and that residence is prima facie evidence of domicile).

In sum, it has been shown that Aetna Resources, LLC, Aetna, Inc., CVS Pharmacy, Inc. and Dellaripa are not California citizens for 28 U.S.C. § 1332(a)(1) purposes. As such, the Court's fraudulent joinder analysis will focus on the other Defendants. In conducting the fraudulent joinder analysis, the Court will first examine the five FEHA claims and the common law wrongful termination claims brought against the Entity Defendants, and then turn to the FEHA harassment claim against the Individual Defendants.

**B.      Fraudulent Joinder**

As set forth above, there is an exception to the complete diversity requirement for

---

[6] Defendants do not set forth evidence regarding the citizenship of Aetna Health and Life Insurance Company in the notice of removal or in the opposition to Plaintiff's motion to remand. As noted above, the notice of removal and remand opposition address the citizenship of Aetna Life Insurance Company (Aetna Resources, LLC's sole member), but the Court cannot assume that Aetna Life Insurance Company and Aetna Health and Life Insurance Company are one and the same. Consequently, the Court makes no findings here as to the citizenship of Aetna Health and Life Insurance Company for purposes of diversity and must address Aetna Health and Life Insurance Company in the fraudulent joinder analysis.

7

jurisdiction under 28 U.S.C. § 1332(a)(1) and removal under 28 U.S.C. § 1441(b) where a plaintiff has "fraudulently joined" a non-diverse defendant. Morris, 236 F.3d at 1067. "Fraudulent joinder" is a "term of art." Id. (quoting McCabe, 811 F.2d at 1339) (internal quotation marks omitted). Joinder of a non-diverse defendant is deemed "fraudulent"—and the defendant's presence in a lawsuit is ignored for purposes of determining diversity— "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting McCabe, 811 F.2d at 1339) (internal quotation marks omitted); Morris, 236 F.3d at 1067.

Removing defendants bear the burden of showing fraudulent joinder. See Meisel v. Allstate Indem. Co., 357 F. Supp. 2d 1222, 1225–26 (E.D. Cal. 2005) (citing Gaus, 980 F.2d at 566); see also, Plute v. Roadway Package System, Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("defendants who assert that [a] plaintiff has fraudulently joined a party carry a heavy burden of persuasion" (citation omitted)). Although a court normally looks only to the pleadings to determine whether a plaintiff has stated a cause of action against a defendant, "[a] defendant seeking removal to the federal court is entitled to present the facts showing the joinder is fraudulent." McCabe, 811 F.2d at 1339; Morris, 236 F.3d at 1068 (citing Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir.1995) for the proposition that "fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony"). The review of the complaint, however, is limited to the facts alleged therein; it does not extend to facts or causes of action that could be alleged via an amended complaint. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 n. 12 (9th Cir.1989) (affirming district court's refusal to consider allegations made in plaintiffs' unfiled, proposed amended complaint submitted as an attachment to a motion for reconsideration on whether valid claims had been stated for fraudulent joinder purposes); see also, Smith v. City of Picayune, 795 F.2d 482, 485 (5th Cir.1986) ("Generally, the right of removal is determined by the pleadings as they stand when the petition for removal is filed ….").

There is a general presumption against fraudulent joinder. Hamilton, 494 F.3d at 1206. Fraudulent joinder must be proven by clear and convincing evidence, id., and all material

ambiguities in state law are resolved in favor of the plaintiff. Gray v. Beverly Enterprises–Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004); Green v. Wyeth, 344 F. Supp. 2d 674, 682 (D. Nev. 2004). Further, in ruling on a motion for remand where removal is based on fraudulent joinder, a court must evaluate the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003); see also, Albi v. St. & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court."). Remand will be denied if "there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant." Plute, 141 F. Supp. 2d at 1008; see also, Meisel, 357 F. Supp. 2d at 1225 ("A nondiverse party may be disregarded if the court determines that no possible cause of action has been stated against the party." (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.1998)). Stated differently, "[i]f there is a non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand." Vu v. Ortho–Mcneill Pharm., Inc., 602 F. Supp. 2d 1151, 1154 (N.D. Cal. 2009) (citation and internal quotation marks omitted).

### 1. FEHA Claims Against Entity Defendants Not Found to Be Diverse

As set forth above, Plaintiffs first five causes of action are brought under FEHA against her eight putative employers.

It is well-settled that "[t]he FEHA predicates potential liability on the status of the defendant as an employer." Vernon v. State of California, 116 Cal. App. 4th 114, 123 (2004). Thus, to be entitled to relief, "a FEHA claimant must first demonstrate an employment relationship with his or her alleged employer." Jimenez v. U.S. Cont'l Mktg., Inc., 41 Cal. App. 5th 189, 196 (2019) (citing Bradley v. Dep't of Corr. & Rehab., 158 Cal. App. 4th 1612, 1623-24 (2008)).

The Removing Defendants provide W-2 records for 2018 and 2019 showing that Aetna Resources, LLC was Plaintiff's employer during the period relevant to this lawsuit, Doc. No. 14-1 at 2-3, and a declaration from a paralegal in Aetna Resources, LLC's Labor and Employment

1 Department stating that Plaintiff "was never employed by any other entity within the Aetna
2 corporate family," including, as relevant to this analysis, Aetna Health of California, Inc. and
3 Aetna Health and Life Insurance Company. Doc. No. 4 ¶ 4. The Removing Defendants also set
4 forth evidence showing that there was no organizational affiliation or contractual affiliation
5 bearing on Plaintiff's employment between Aetna Resources, LLC, on the one hand, and CVS
6 Medical Group, Inc., or C.V.S. Services, Incorporated, on the other hand, during the period at
7 issue in this lawsuit. Id. ¶¶ 10-11. Moreover, government records filed by the Removing
8 Defendants show that C.V.S. Services, Incorporated is a pest control company, Doc. No. 6-4, and
9 that CVS Medical Group, Inc. is a doctor-owned professional corporation engaged in the practice
10 of medicine that has no affiliation with CVS Pharmacy, Inc. and that has never employed Plaintiff.
11 Doc. Nos. 6-1 through 6-3; Doc. No. 16. Finally, the Removing Defendants set forth evidence
12 showing that AICA never employed Plaintiff and was sold to ING America Insurance Holdings,
13 Inc. (which has no affiliation with Aetna Resources, LLC) in 2000. Doc. No. 4 at 4:3-16.

Plaintiff, for her part, alleges she was hired to work as a claims benefit specialist for each of the eight Entity Defendants on September 1, 2017; that she was "a loyal and hardworking employee" for the Entity Defendants; and that she received "positive performance reviews." Doc. No. 1-1 at 10:23-11:2. Further, she alleges that the Entity Defendants "were the agents, employees, and/or joint venturers of, or working in concert with" one another. Id. at 10:3-10. She makes no other showing, however, as to the identity of her employer (or employers) and does nothing to rebut evidence set forth by the Removing Defendants identifying Aetna Resources, LLC as her employer.

Plaintiff's allegation that she was hired by all eight Entity Defendants on the same day is implausible, and her allegations that the Entity Defendants were agents of one another and such are legal conclusions that are not entitled to the presumption of truth afforded to factual allegations. See Papasan v. Allain, 478 U.S. 265, 286 (1986). Moreover, even related corporations are presumed to be separate entities, such that the conduct of one cannot be imputed to the other absent evidence that one acted as the agent or alter-ego of another or that there was some other failure to observe applicable formalities. See Laird v. Capital Cities/ABC, Inc., 68 Cal. App. 4th

1 | 727, 737 (1998), declined to follow on other grounds in <u>Reid v. Google, Inc.</u>, 50 Cal.4th 512

2 | (2010); <u>see</u> <u>also</u>, <u>Mesler v. Bragg Management Co.</u>, 39 Cal.3d 290, 300 (1985).

Although the Court is required to resolve factual disputes in Plaintiff's favor in considering questions of fraudulent joinder, there are no facts on the record supporting the conclusion that any Entity Defendant other than Aetna Resources, LLC was Plaintiff's employer. <u>See</u> <u>Hibbs–Rhines v. Seagate Tech., LLC</u>, 2009 WL 513496, at *5 (N.D. Cal. Mar.2, 2009) (legal conclusion in complaint that several corporations jointly employed plaintiff insufficient to survive Fed.R.Civ.P. 12(b)(6) motion). Nor is there any basis for imputing whatever liability Aetna Resources, LLC might have with respect to Plaintiff's FEHA claims to other Entity Defendants. The Court therefore finds that Aetna Health and Life Insurance Company, Aetna Health of California, Inc., AICA, CVS Medical Group, Inc., and C.V.S. Services, Incorporated are fraudulently joined as to the first five causes of action in the Complaint. <u>See</u> <u>Thomas v. Aetna Health of California, Inc.</u>, 2011 WL 2173715, at *7 (E.D. Cal. June 2, 2011), report and recommendation adopted sub nom. <u>Thomas v. Aetna, Inc.</u>, 2011 WL 13240291 (E.D. Cal. Aug. 31, 2011) (Ishii, J.).

### 2. <u>Wrongful Termination Claim Against Entity Defendants Not Found to Be Diverse</u>

Plaintiff's Sixth Cause of Action alleges she was wrongfully terminated in violation of public policy set forth in FEHA. Doc. No. 1-1 at 28:3-29:13.

"Under the California Supreme Court's decision in *Tameny v. Atlantic Richfield Co.*, when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." <u>Arkens v. Cty. of Sutter</u>, 2016 WL 4001057, at *2 (E.D. Cal. July 25, 2016) (quoting *Tameny v. Atlantic Richfield Co.,* 27 Cal. 3d 167, 170 (1980)) (internal quotation marks omitted). Such a claim (often referred to as a "*Tameny* Claim") is at common law, but as with Plaintiff's statutory FEHA claims against the Entity Defendants, it can only be asserted against an employer since it the "employment relationship" itself is the "instrument of injury." <u>See</u> <u>Kim v. Konad USA Distrib., Inc.</u>, 226 Cal. App. 4th 1336, 1351 (2014) ("[T]he breach of the employment relationship is an indispensable element of the tort because it serves factually as the instrument of

injury. Thus, there can be no wrongful termination in violation of public policy cause of action without the prior existence of an employment relationship between the parties." (quoting <u>Miklosy v. Regents of University of California</u>, 44 Cal.4th 876, 900 (2008)); <u>Yau v. Santa Margarita Ford, Inc.</u>, 229 Cal. App. 4th 144, 154 (2014) (identifying an "employer-employee relationship" as the first element of "a claim for wrongful discharge in violation of public policy"); <u>see</u> <u>also</u>, <u>Tello v. Permanente</u>, 2020 WL 2510683, at *7 (C.D. Cal. Feb. 12, 2020) ("A wrongful termination claim must be asserted against an employer.").

As set forth above in the discussion regarding the first five causes of action in the Complaint, the Removing Defendants have shown that Aetna Resources, LLC was Plaintiff's only employer in connection with the events at issue here. The Court therefore finds that Aetna Health and Life Insurance Company, Aetna Health of California, Inc., AICA, CVS Medical Group, Inc., and C.V.S. Services, Incorporated are fraudulently joined for purposes of the sixth cause of action in the Complaint.

                        3.        <u>Harassment Claim Against Dortch</u>

Plaintiff alleges that Dortch became her supervisor after Plaintiff went on maternity leave and that Dortch harassed her in violation of FEHA by failing to "respond or communicate with [her] at all while she was on maternity leave." Doc. No. 1-1 at 11:9-18. This claim fails for two reasons.

First, the Court agrees with the Removing Defendants that California law does not recognize harassment claims under FEHA based on events that occurred while an employee was at home on leave. See <u>Coleman v. City of L.A.</u>, 2016 WL 11266893, at *5 (C.D. Cal. July 6, 2016) ("Because Plaintiff was on leave for the entirety of the relevant time period, Plaintiff could not have been subjected to a hostile work environment. [Thus], Plaintiff's allegations . . . cannot support a distinct harassment claim."); <u>cf.</u> <u>Wade v. Knoxville Utilities Bd.</u>, 259 F.3d 452, 460 (6th Cir. 2001) (plaintiff could not "claim he was subjected to a hostile work environment during the relevant time period," "since he was on [medical] leave."); <u>Linder v. Potter</u>, 2009 WL 2595552, at *13 (E.D. Wash. Aug. 18, 2009) ("an employee cannot be subjected to a hostile work environment while he is at home on leave"). The Complaint expressly alleges that Dortch became Plaintiff's

1  supervisor after Plaintiff's medical leave had commenced, Doc. No. 1-1 at 11:9-18, and that

2  Plaintiff did not return to work after her medical leave. <u>Id.</u> at 12:12-13. Thus, Plaintiff cannot

3  secure judgment against Dortch on a claim for harassment under FEHA.

4        Second, the Court is not aware of any cases in which a mere failure to "respond or

5  communicate" has been found to constitute harassment in violation of FEHA, and Plaintiff's

6  allegation that Dortch did not communicate "at all" during the period at issue in this case

7  necessarily precludes allegations regarding other forms of potentially harassing conduct on

8  Dortch's part. <u>See</u> <u>Christ v. Staples, Inc.</u>, 2015 WL 248075, at *6 (C.D. Cal. Jan. 20, 2015) ("To

9  state a FEHA harassment claim, an employee must allege facts showing that workplace

10 harassment was severe enough or sufficiently pervasive to alter the conditions of employment and

11 create a work environment that qualifies as hostile or abusive to employees." (quoting <u>Hughes v.</u>

12 <u>Pair</u>, 46 Cal.4th 1035, 1043 (2009)) (internal quotation marks omitted)).

13       The Court therefore finds that Plaintiff cannot obtain judgment against Dortch on a FEHA

14 harassment claim arising from the events at issue in this case, and that Dortch was fraudulently

15 joined as a Defendant on Plaintiff's seventh cause of action.

16     **C.**    <u>**Conclusion Regarding Diversity**</u>

17       For the foregoing reasons, the Court finds that Aetna Resources, LLC, Aetna, Inc., CVS

18 Pharmacy, Inc., and Dellaripa are not California citizens for purposes of diversity jurisdiction or

19 removal. Further, the Court finds that Dortch was fraudulently joined on the Seventh Cause of

20 Action (the one and only cause of action alleged against her) and that Aetna Health and Life

21 Insurance Company, Aetna Health of California, Inc., AICA, CVS Medical Group, Inc. and

22 C.V.S. Services, Inc. were fraudulently joined on all of the causes of action alleged against them.

23 Thus, their citizenship is properly disregarded in deciding this motion, and they do not destroy the

24 complete diversity required for diversity jurisdiction. <u>Meisel</u>, 357 F. Supp. 2d at 1225. The Court

25 will now determine whether the amount in controversy in this action exceeds the $75,000

26 jurisdiction minimum.

27 **II.**    <u>**Amount in Controversy**</u>

28       In the Ninth Circuit, "where a plaintiff's state court complaint does not specify a particular

1  amount of damages, the removing defendant bears the burden of establishing, by a preponderance
2  of the evidence, that the amount in controversy exceeds $[75,000[7]]." Sanchez v. Monumental Life
3  Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

4  Plaintiff argues that the Removing Defendants cannot ignore the possibility that Plaintiff
5  has secured new employment since her termination and that consequently, "the only monetary
6  amount that Defendant may reasonably rely on [in calculating the amount in controversy in this
7  case] are Plaintiff's lost earnings from time of termination up to the time of removal, which sum to
8  $39,768." Doc. No. 12 at 7:28-8:7.

9  The Removing Defendants, for their part, argue that mitigation is an affirmative defense
10 and thus "irrelevant to the amount in controversy calculation." Doc. No. 13 at 27:5-6. Further, the
11 Removing Defendants argue that Plaintiff's lost wages will exceed $130,000 by the time this
12 action gets to trial, and that attorney fees alone will add "at least $30,000 to the amount in
13 controversy," noting, in particular, that Plaintiff's counsel is claiming $19,800 in attorney's fees
14 for the remand motion alone. Id. at 29:11-13. Finally, Defendants argue that jury awards for
15 emotional distress and punitive damages in other cases involving similar claims confirm that the
16 amount in controversy in this action comfortably exceeds $75,000. Id. at 26:18-30:23.

17 The Court agrees with the Removing Defendants. Plaintiff concedes that there were
18 economic damages of $39,768 as of the date of removal, and as the Removing Defendants point
19 out, Plaintiff's counsel seeks $19,800 in attorney fees for this motion alone, for a total of $59,568.
20 Doc. No. 12 at 12:2-4. Further, Defendants are correct that the amount in controversy calculation
21 properly includes lost wages through trial, since a "potential defense does not reduce the amount
22 in controversy for purposes of establishing federal jurisdiction." Perez v. Alta-Dena Certified
23 Dairy, LLC, 647 F. App'x 682, 684 (9th Cir. 2016) (citing St. Paul Mercury Indem. Co. v. Red
24 Cab Co., 303 U.S. 283, 292 (1938)); see also, Jackson v. Compass Grp. USA, Inc., 2019 WL
25 3493991, at *4 (C.D. Cal. July 31, 2019) (stating that mitigation of damages is an affirmative
26 defense and therefore does not reduce the amount in controversy for purposes of diversity

---

28 [7] In 1996, 28 U.S.C. § 1332 was amended to increase the jurisdictional threshold from $50,000 to $75,000.

14

jurisdiction). There is simply no conceivable scenario in which the continued accrual of lost wages and attorney fees through trial, plus possible recovery for emotional distress and punitive damages, see Doc. No. 1-1 at 31:5-6, will not add well over $15,000 to the amount Plaintiff stands to recover as of the date of this order. Indeed, economic damages alone would account for an additional $15,000 even if this case—which came before the Court less than four months ago and has not yet started discovery, see Doc. No. 12 at 3:18-22—were to somehow make it to trial in the next three-and-a-half months.

The Court therefore finds that the amount in controversy in this action exceeds the $75,000 minimum required for diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

## **CONCLUSION**

For the foregoing reasons, the Court finds that it has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1) and that removal was not improper under 28 U.S.C. § 1441(b). The motion to remand, as well as Plaintiff's request for attorneys' fees, will therefore be denied.

## **ORDER**

Accordingly, IT IS HERBY ORDERED:

1. Plaintiff's motion to remand (Doc. No. 12) is DENIED;
2. Plaintiff's request for attorneys' fees is DENIED;
3. This case is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: May 27, 2021

_____
SENIOR DISTRICT JUDGE

15